THOMAS J. DALY, CA Bar No. 119684
tdaly@lrrc.com
G. WARREN BLEEKER, CA Bar No. 210834
wbleeker@lrrc.com
LEWIS ROCA ROTHGERBER CHRISTIE LLP
655 N. Central Avenue, Suite 2300
Glendale, California 91203-1445
Telephone: (626) 795-9900
Facsimile: (626) 577-8800

Attorneys for Plaintiff,
Bragel International, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAGEL INTERNATIONAL, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>STYLES FOR LESS, INC., a California corporation, PPI APPAREL GROUP, INC., a New York corporation, and GINA GROUP LLC, a New York limited liability company,<br><br>Defendants. | Case No. 8:15-cv-01756-R-FFM<br><br>Hon. Manuel L. Real<br><br>**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

For its complaint against Defendants Styles for Less, Inc. ("Styles for Less"), PPI Apparel Group, Inc. ("PPI"), and Gina Group LLC ("Gina Group") (collectively, "Defendants"), Plaintiff Bragel International, Inc. ("Plaintiff") alleges as follows:

## JURISDICTION

1. This is an action for patent infringement pursuant to 35 U.S.C. Section 271. This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. Venue is proper under 28 U.S.C. Sections 1391(b)(2) and/or (b)(3).

-1-

## PARTIES

3. Plaintiff is a corporation organized and existing under the laws of the State of California, having a principal place of business at 3833 Pomona Blvd, Pomona, California.

4. Plaintiff is informed and believes, and thereon alleges that Defendant Styles for Less is a corporation organized and existing under the laws of the State of California, having a principal place of business at 1205 North Miller Street, #120, Anaheim, California.

5. Plaintiff is informed and believes, and thereon alleges that Defendant PPI is a corporation organized and existing under the laws of the State of New York, having a principal place of business at 320 5th Ave., Floor 2, New York, New York.

6. Plaintiff is informed and believes, and thereon alleges that Defendant Gina Group is a limited liability company organized and existing under the laws of the state of New York, having a principal place of business at 10 W. 33rd St., 3rd Floor, New York, New York.

7. This court has personal jurisdiction over Defendant Styles for Less because Defendant Styles for Less is incorporated in the state of California.

8. This court has personal jurisdiction over Defendants PPI and Gina Group because Defendants PPI and Gina Group have conducted systematic and continuous business within California through Defendant Styles for Less and within this district and have directed their unlawful business activities towards California and this district. In addition, this court has personal jurisdiction over Defendants PPI and Gina Group because Defendants PPI and Gina Group have sold products which Defendants PPI and Gina Group knew would be sold within California and within this district and that such activities would damage a California company.

**FACTUAL BACKGROUND**

9. Plaintiff has been engaged and is presently engaged in the design and distribution of strapless bras and attachable breast forms. Plaintiff's products are sold throughout the United States and in many foreign countries including the People's Republic of China, Hong Kong, Europe, and Canada.

10. On February 7, 2005, Plaintiff filed a U.S. patent application directed to its attachable breast form enhancement system. It issued as U.S. Patent 7,144,296 B2 (the "'296 Patent") on December 5, 2006 and is titled "Attachable Breast Form Enhancement System." A copy of the '296 Patent is attached as Exhibit A.

11. Defendants Styles for Less and PPI have sold and offered for sale in this District and elsewhere, and continue to sell and offer for sale in this District and elsewhere, without the consent or authorization of Plaintiff, "Oh Baby . . . Strapless, Backless, Self-Adhesive Silicone Bra" and "Silicone Fashion Bra" products that are covered by at least claims 1, 2, and 5 of the '296 Patent (the "PPI Infringing Products"). A claim chart corresponding to the '296 Patent and the "Oh Baby . . . Strapless, Backless, Self-Adhesive Silicone Bra" is attached as Exhibit B. A claim chart corresponding to the '296 Patent and the "Silicone Fashion Bra" is attached as Exhibit C.

12. Defendants Styles for Less and Gina Group have sold and offered for sale in this District and elsewhere, and continue to sell and offer for sale in this District and elsewhere, without the consent or authorization of Plaintiff, "Body Frosting™ Silicone Bra" products that are covered by at least claims 1, 2, and 5 of the '296 Patent (the "Body Frosting Infringing Products") (collectively, with the PPI Infringing Products, the "Infringing Products"). A claim chart corresponding to the '296 Patent and the "Body Frosting™ Silicone Bra" is attached as Exhibit D.

13. Plaintiff notified Defendant Styles for Less by means of two Cease and Desist Letters informing Defendant Styles for Less of the '296 Patent and that the Infringing Products were believed to infringe upon one or more claims of the '296 Patent. Defendant Styles for Less has continued to sell and offer for sale in this District and elsewhere, without the consent or authorization of Plaintiff, the Infringing Products, despite Plaintiff's express notice of the '296 Patent and the relationship to the Infringing Products.

## FIRST CLAIM FOR RELIEF

### (Patent Infringement)

14. Plaintiff realleges paragraphs 1 through 13 as though fully set forth herein.

15. Defendants, by themselves or in concert with others, have made, used, sold or offered to sell, and continue to make, use, sell or offer to sell, in this District and elsewhere in the United States, the Infringing Products which infringe the '296 Patent. The Infringing Products have no substantial, noninfringing use.

16. The alleged infringing acts of Defendants are without right, license, or authorization from Plaintiff.

17. By their aforesaid acts, Defendants have infringed the '296 Patent entitling Plaintiff to relief pursuant to 35 U.S.C. Section 271.

18. Upon information and belief, Defendants have had actual or constructive notice of the existence of the '296 Patent and despite such notice have continued to engage in acts of infringement.

19. As a direct result of Defendants' acts complained of herein, Plaintiff has been actually damaged and irreparably harmed and Defendants have been unjustly enriched, to an extent not presently ascertained, which damage, harm and enrichment will continue until enjoined by order of this Court.

20. Defendants' infringement is and has been willful and Plaintiff is entitled to enhanced damages against Defendants.

21. This is an exceptional case and Plaintiff is entitled to an award of its attorneys' fees.

## PRAYER

Plaintiff demands judgment against Defendants as follows:

1. Adjudging and decreeing that Defendants have committed acts of patent infringement by their manufacture, use, sale, and offer for sale of the infringing products;

2. For a temporary and permanent injunction prohibiting Defendants and their officers, agents, servants, employees and attorneys, and other persons in active concert or participation with them, from further infringing the '296 Patent and requiring Defendants to deliver up to Plaintiff for destruction any and all Infringing Products in any Defendant's possession, custody or control, along with any items of manufacture, the sole purpose of which is to manufacture such Infringing Products, as well as any promotional literature and packaging which displays or promotes such Infringing Products;

3. For patent infringement damages in an amount not less than a reasonable royalty, and for those damages to be trebled, pursuant to 35 U.S.C. Section 284 and/or lost profits;

4. For prejudgment interest;

5. For all of Plaintiff's costs of this Action, including attorneys' fees; and

///
///
///
///
///

6.  For such other or further relief as the Court may deem just and proper.

DATED: March 2, 2016

Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By */s/ Thomas J. Daly*
    Thomas J. Daly

Attorneys for Plaintiff,
Bragel International, Inc.

## **DEMAND FOR JURY TRIAL**

Plaintiff Bragel International, Inc., pursuant to Federal Rule of Civil Procedure 38, hereby demands a trial by jury of all issues so triable.

DATED: March 2, 2016

Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By */s/ Thomas J. Daly*
Thomas J. Daly

Attorneys for Plaintiff,
Bragel International, Inc.

SAG PAS1399969.1-*-03/2/16 12:35 PM